## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| ONEAMERICA FINANCIAL PARTNERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-01534-TWP-DKL |
| vs. | ) ) | |
| T-SYSTEMS NORTH AMERICA, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' *MOTION TO SEAL EXHIBITS* [Dkt. #8] and *MOTION TO FILE UN-REDACTED ANSWER AND COUNTER-COMPLAINT AND EXHIBIT A THERETO UNDER SEAL* [Dkt. #20]

This cause comes before the Court on the *Motion to Seal Exhibits 2 and 3 to the State Court Complaint* [dkt. #8] filed by both Defendants and the *Motion to File Un-Redacted Answer and Counter-Complaint and Exhibit A Thereto Under Seal* [dkt. #20] filed by Defendant/Counter-Plaintiff T-Systems North America, Inc. ("TSNA"). District Judge Tanya Walton Pratt referred these motions to the undersigned for ruling.

"Documents that affect the disposition of federal litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). The "right of public access … enable[s] interested members of the public ... to know who [is] using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (chambers opinion). Courts recognize limited

matters subject to seal, including trade secrets and other confidential business information. *See United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015); Fed. R. Civ. P. 26(c)(1)(G). If material may be subject to seal, then the court weighs two competing interests: "the moving party's interest in privacy and the public's interest in transparency." *Sanford-Brown, Ltd.*, 788 F.3d at 712. A court may not maintain a document under seal simply because the parties ask it to do so; good cause must be shown. *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Plaintiff commenced this action in state court on September 24, 2015. Defendants filed their Notice of Removal on September 30, 2015, asserting this Court's diversity jurisdiction. On October 7, 2015, Defendant TSNA filed its Answer, Affirmative Defenses, Reliance on Jury Demand, and Counter-Complaint under seal and filed a redacted version of the same document.

Defendants move to seal Exhibits 2 and 3 to the State Court Complaint. [Dkt. ## 6-1 through 6-4 and 7-1 through 7-6.] Exhibit 2 is part of a Request for Proposal for Information Technology Infrastructure Services ("RFP") issued by Plaintiff. Exhibit 3 is the Master Information Technology Services Agreement ("MITSA") executed by Plaintiff and TSNA. Defendants state that Plaintiff filed these exhibits to its complaint under seal on the ground that they contain sensitive and confidential information that is neither public information nor the type of information disclosed to the public. Defendants incorporate a section of the MITSA in an effort to satisfy the amount-in-controversy requirement for diversity jurisdiction. They state that they wish to litigate this matter in

the district court but they cannot invoke the right to removal unless they provide the Court with a copy of the state court pleadings, which includes the exhibits filed under seal. [*Brief in Support of Motion to Seal Exhibits 2 and 3*, 4.] They explain that they proceed "in an abundance of caution" [*Motion to Seal Exhibits 2 and 3 to the State Court Complaint* 2] and "in order to protect the alleged confidentiality of the RFP and the MITSA." [*Id.* at 3.] However, they "reserve[] the right to seek a ruling from the Court regarding the confidentiality of these documents at a later time." [*Motion to Seal Exhibits 2 and 3,* 2.]

Plaintiff filed a brief in support of Defendants' motion to seal. Plaintiff argues that good cause exists to maintain the documents under seal "because they reveal technical details and specifications of [its] Information Technology ('IT') systems, the dissemination of which will create a substantial risk of a data security breach that could result in the exposure of confidential personal information" and "because they contain [its] confidential and proprietary business information." [*Plaintiff's Brief in Support of Defendants' Motion to Seal* 1.] Plaintiff acknowledges the relevance and materiality of the documents at issue and assert that "[r]edaction alone will not afford adequate protection from the significant risk of a data breach …." [*Id.* at 5.]

Defendant-Counter Plaintiff TSNA also moves to file an un-redacted Answer and Counter-Complaint and Exhibit A thereto under seal. [Dkt. ##19 and 19-1.] TSNA states that it does so in "an exercise of caution … to ensure that its references to the sealed MITSA" and "concealed information about OneAmerica's technology infrastructure and application defects are excluded from the public record until this Court has an opportunity to consider TSNA's formal challenge to OneAmerica's confidentiality

designation and to issue a formal ruling." [*Motion to File Un-Redacted Answer and Counter-Complaint and Exhibit A thereto Under Seal* 2.] TSNA represents that it "will in short order file a motion to challenge OneAmerica's confidentiality designation and to unseal this record." [*Brief in Support of Motion to File Un-Redacted Answer and Counter-Complaint and Exhibit Thereto Under Seal* 2.]

Defendants have not shown a sufficient legal or factual basis for maintaining the documents under seal. They offer only conclusory assertions without specific factual support to show that the RFP and/or MITSA contain confidential information entitled to protection from public view. That is not surprising, since they have indicated that they intend to challenge the confidentiality designation. They moved to maintain the documents under seal because Plaintiff has asserted confidentiality and because filing the documents in this Court was necessary to comply with the procedural requirement for removal under 28 U.S.C. § 1446. It seems unlikely that the documents in their entirety, not just portions of them, would be subject to seal. Similarly, Plaintiff has offered nothing more than bare assertions that the documents are confidential and entitled to protection. And its assertion that redaction would not afford adequate protections is also conclusory. Bare assertions are insufficient to demonstrate that the documents should be maintained under seal. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

Accordingly, the *Motion to Seal Exhibits 2 and 3 to the State Court Complaint* [dkt. #8] and the *Motion to File Un-Redacted Answer and Counter-Complaint and Exhibit A Thereto Under Seal* [dkt. #20] are **DENIED** based on the present showing.

However, Plaintiff will be allowed an opportunity to move to maintain the documents under seal and make a sufficient showing, if it chooses to do so.  Plaintiff may file a motion to maintain the documents under seal no later than **November 30, 2015**. Briefing shall proceed as provided in S.D. Ind. L.R. 7-1(c)(2).

The filings at issue [Dkt. ## 6-1 through 6-4, 7-1 through 7-6, 19 and 19-1] shall remain under seal pending a ruling on the anticipated motion or further order of the Court.

**So Ordered this date:**  10/28/2015


Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Electronic Distribution to All Counsel of Record