## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ONEAMERICA FINANCIAL PARTNERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-01534-TWP-DKL |
| vs. | ) ) | |
| T-SYSTEMS NORTH AMERICA, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

*Entry and Order on Plaintiff's Motion for Leave to File Second Amended Complaint [doc. 97] and Motion for Leave to File Excess Pages in Reply [doc. 134]*

OneAmerica Financial Partners, Inc.'s *Motion for Leave to File Second Amended Complaint*, seeking to raise additional claims against Defendant T-Systems North America, Inc. ("TSNA") and Defendant T-Systems International GmbH ("TSI"), and Plaintiff's *Motion for Leave to File Excess Pages in Reply* come before the Court. Defendants oppose the motion for leave to amend. The Court decides as follows.

*Background*

Plaintiff commenced this action in state court on September 24, 2015, asserting claims for breach of contract, fraudulent inducement, fraud, negligence, and promissory estoppel against TSNA and breach of guaranty against its German parent company TSI. Defendants timely removed the action to this Court and answered the Complaint. TSNA counterclaimed for breach of contract, fraud, and declaratory relief. The parties' dispute arises out of TSNA's and OneAmerica's agreement that TSNA would provide

information technology ("IT") services to OneAmerica.  Defendants moved for partial dismissal for failure to state a claim upon which relief can be granted.  TSNA has moved to bifurcate and for a speedy trial on Count III of its counterclaim, which concerns OneAmerica's alleged failure to transition to a new service provider.  That motion is before District Judge Tanya Walton Pratt.

In January 2016, Plaintiff moved for leave to file a *First Amended Complaint* to add additional factual information to its fraud claims and to eliminate a promissory estoppel claim.  Leave was granted.  On January 26, 2016, Plaintiff filed the *First Amended Complaint for Damages*, asserting claims for breach of the parties' Master Information Technology Services Agreement ("MISTA") (Count I), breach of contract relating to the Request for Proposal/Bid Process Agreement ("RFP") (Count II), fraudulent inducement (Count III), fraud (Count IV), and negligence (Count V) against TSNA, and breach of the guaranty (Count VI) against TSI.

One month later, TSNA moved to partially dismiss the amended complaint for failure to state a claim.  TSNA seeks dismissal of the breach of contract claim under the RFP and the claims for fraudulent inducement, fraud, and negligence.  The response to the motion to dismiss is not due until 14 days after the Court rules on the pending motion for leave to amend.

On March 1, 2016, the Case Management Plan ("CMP") was approved by the Court as amended.  The CMP required the parties to file motions seeking leave to amend the pleadings by February 29, 2016.  The CMP's deadline for non-expert and liability discovery is August 30, 2016; the dispositive motion deadline is September 30, 2016.

On March 14, 2016, Plaintiff filed a *Motion for Leave to File Second Amended Complaint*. The proposed Second Amended Complaint alleges additional claims arising out of the parties' separation under the MITSA. Plaintiff also seeks to amend its claims, addressing alleged deficiencies raised in TSNA's motion to dismiss; to assert Counts III through V against TSI as well as TSNA; and to add claims against both Defendants for conversion, tortious interference with contract, negligent misrepresentation, and constructive fraud.

In April 2016, the parties were still negotiating search terms for electronically stored information and began discussing a discovery protocol and scheduling depositions. Document production was under way, but still in the early stages. In mid-April, TSNA stated that it would take several weeks for the predictive coding process to be completed and that it was not likely to be completed before early May. Document production continued into this month, and the parties have agreed to take 10 depositions in May and June. Document production is to be completed by July 5, 2016.

TSI's Chief Executive Officer Reinhard Clemens was deposed on April 18, 2016. Plaintiff represents that he testified essentially that TSNA and TSI effectively operated as one company and that there was a mid-level board that would have approved the OneAmerica deal. [*Pl.'s Reply Support Motion Leave File Second Am. Compl.*, doc. 135 at 7 n.2.] Plaintiff has not provided supporting documentation, but states that it will do so if the Court deems it necessary. The Court will accept Plaintiff's representations regarding Clemen's testimony, while noting that Defendants have not taken issue with them.

*Discussion*

A motion to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny leave for several reasons, including undue delay, undue prejudice, or futility of amendment. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). In addition, to amend a pleading after the court's deadline to amend pleadings has passed, the moving party must demonstrate "good cause." *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015); Fed. R. Civ. P. 16(b)(4). In determining whether good cause has been shown, the "the primary consideration … is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Furthermore, when a motion to amend is made after the deadline for amendments has passed, the moving party may be required to show that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Stepp v. Rexnord Indus., Inc.*, No. 1:13-CV-00683-TWP, 2014 WL 6978329, at *5 (S.D. Ind. Dec. 9, 2014).[1] Neglect is excusable when it is harmless. *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006); *Stepp*, 2014 WL 697829, at *5. Whether to grant or deny a motion to amend is within the Court's

---

[1] Plaintiff argues that courts in the Seventh Circuit routinely evaluate motions for leave to amend without referencing the "excusable neglect" standard. The Court need not decide whether a moving party must show excusable neglect. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citing "excusable neglect" standard in a parenthetical); *Long v. Jasper Chair Co.*, No. 3:12-cv-36-RLY-WGH, 2012 WL 4936471, at *2 (S.D. Ind. Oct. 16, 2012) ("An inference from the *Adams* holding that demonstrating excusable neglect pursuant to Rule 6(b)(1)(B) is required for any motion for leave after the CMP deadline has passed … is unwarranted."). This is because OneAmerica has demonstrated both good cause and excusable neglect.

sound discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014).

Plaintiff asserts that it seeks to amend in good faith based on "recent developments in the parties' relationship" stemming from the separation process, that is, TSNA's alleged failure to cooperate and return OneAmerica's property. Plaintiff argues that, although the deadline for amendments expired on February 29 and it did not file its motion until March 14, nothing in the intervening two weeks occurred that would make an amendment prejudicial to Defendants.

Defendants respond[2] by arguing that Plaintiff has not shown good cause or excusable neglect. They contest whether the proposed amendment is based on "new" developments, citing earlier pleadings and filings, the CMP, and a January 29, 2016 letter by Plaintiff's counsel discussing separation issues. Defendants claim prejudice arising from the need to file and brief a motion to dismiss. They also suggest amendment may impact other deadlines, but they point to no other specific prejudice. Finally, Defendants argue that the proposed new claims would be futile.

Plaintiff moved for leave to amend within a reasonable time of learning the factual basis for the new allegations regarding TSI's purported involvement in the alleged tortious interference. Before filing its motion to amend, Plaintiff had reviewed some documents including electronically documents and spoke with witnesses, which it says led it to believe that TSI was directly involved in the tortious acts alleged in the proposed

---

[2] Defendants filed virtually identical response briefs.

amendments.  In particular, based on Plaintiff's representations, the April 18 deposition of TSI's CEO Clemens disclosed information that may provide a factual basis for its new allegations.

Although Defendants argue that "the dispute regarding the separation process and OneAmerica's transition to a new outsource provider has been a subject of the pleading since early October" [*TSNA's Response Brief Opp'n Pl.'s Mot. Leave File Second Am. Compl.*, doc. 110 at 4], it seems that the proposed amended claims are based on more recent, and thus new, factual developments.  The pleading citied by Defendants, TSNA's counterclaim, focused on the end date of the separation and transition process to a new provider—events that preceded the October 7, 2015 filing date of its counterclaim.  [*See TSNA's Counter-Complaint and Jury Demand*, doc. 19, ¶¶ 63-69 (referring to the Billing Agreement effective July 1, 2014 and an agreement that the separation be completed within 12 to 18 months from July 2014).]  However, Plaintiff's new claims seem to have developed as the separation and transition process continued to deteriorate into 2016. [*See* Jan. 29, 2016 letter from Plaintiff's counsel to TSNA's counsel, doc. 111 at 1 (referring to TSNA correspondence dated Jan. 22, 2016 and Jan. 27, 2016, regarding separation and transition)].

Even if OneAmerica had a sufficient factual basis for its proposed amended claims at the time of the January 29 letter, it still moved to amend within six weeks' time.  The brief delay was not unreasonable.  *See, e.g.*, *Gold v. YouMail, Inc.*, No. 1:12-CV-0522-TWP-TAB, 2013 WL 652549, at *1 (S.D. Ind. Feb. 21, 2013) (allowing amendment where plaintiff moved to amend approximately one month after receiving the discovery on which the

amendment was based).  Even if OneAmerica had sufficient facts on January 12, 2016, when TSNA filed its motion to bifurcate Count III of its Counter-Complaint, OneAmerica acted within a reasonable time to seek leave to amend.  *See, e.g., Long v. Jasper Chair Co.*, No. 3:12-cv-36-RLY-WGH, 2012 WL 4936471, at *2-3 (S.D. Ind. Oct. 16, 2012) (allowing amendment to include facts relating to termination where three months elapsed between the plaintiff's termination and the motion for leave).

There is no evidence of undue delay, dilatory motive, or bad faith on Plaintiff's part.  In addition, Defendants have not shown that they will suffer undue prejudice if the amendment is allowed.  They claim prejudice from the expense of briefing a partial motion to dismiss the Second Amended Complaint, but given the liberality of allowing amendments and the court's preference to decide cases on the merits, *see Long*, 2012 WL 4936471, at *2 (granting leave to amend where motion was filed two days after the deadline passed), the prejudice, if any, has not been shown to rise to the level of undue prejudice.  As Plaintiff suggests, Defendants' briefs in opposition to the motion to amend have started them well on their way to briefing a motion to dismiss directed at the proposed amended claims.

Defendants suggest that the amendment and another motion to dismiss "may" impact other case management deadlines.  However, discovery is still in the early stages. The parties only recently agreed to the electronically stored information search terms and began conducting depositions.  Although this case is on an aggressive schedule, allowing the proposed amendment at this time does not appear to jeopardize the remaining case management deadlines.

Finally, Defendants have argued that the proposed amendments are futile. "'District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.'"  *McCoy*, 760 F.3d at 685 (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)).  In arguing that the claims would be futile, Defendants raise factual issues that are beyond resolution on a motion to dismiss.  And it is not at all clear that the proposed amended claims would be futile.  Given the strong judicial preference to decide cases on the merits, *see Long*, 2012 WL 4936471, at *2, the Court in its discretion finds that the better course is to allow Plaintiff to file the proposed amended complaint.

*Conclusion*

Plaintiff's *Motion for Leave to File Excess Pages in Reply* [doc. 134] is **GRANTED** and *Plaintiff's Motion for Leave to File Second Amended Complaint* [doc. 97] is **GRANTED**.  The *Second Amended Complaint for Damages* attached to Plaintiff's motion as Exhibit A [*see* doc. 97-1] is deemed timely filed as of this date.

    **SO ORDERED:**  05/13/2016

                                                            *Denise K. La Rue*

                                                            Denise K. LaRue
                                                            United States Magistrate Judge
                                                            Southern District of Indiana

Electronic Distribution to All Counsel of Record